IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NANCY L. KUNS,

                Plaintiff,                Case No. 3:11 CV 1540

  -vs-

                                                 <u>O R D E R</u>

FORD MOTOR COMPANY,

                Defendant.

KATZ, J.

      This matter is before the Court on a complaint filed by plaintiff Nancy L. Kuns, on behalf of herself and a putative class of similarly situated past and present vehicle owners against defendant Ford Motor Company. Ford's summary judgment motion pends, but, unrelated to that motion, the Court has an obligation to inquire into its own subject matter jurisdiction, *sua sponte*, and at any time. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself.").

      Ms. Kuns' complaint provides two separate theories of subject matter jurisdiction: federal question to decide an issue arising under the Magnuson-Moss Warranty Act and jurisdiction under the Class Action Fairness Act because Ms. Kuns' complaint requests the Court allow her to represent a class. Ford has not addressed jurisdictional questions aside from generally denying the complaint's provisions.

      The Court's jurisdiction to decide issues arising under the Magnuson-Moss Warranty Act (codified as 15 U.S.C. § 2301 *et seq.*) does not come from the general federal question statute, 28 U.S.C. § 1331. While § 1331 provides federal question jurisdiction ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*), the Magnuson-Moss Warranty Act expressly restricts that. The Act provides

federal jurisdiction only when either the plaintiff's claim exceeds $50,000 or, if brought as a class action, the action contains at least one hundred named plaintiffs. 15 U.S.C. § 2310(d)(3) ("No claim shall be cognizable in a suit brought [in a United States district court] -- (A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."). Where Congress narrows the jurisdiction of the courts, the courts must strictly construe the resulting statutes, leaving matters outside the district court's jurisdiction for resolution by state courts. *Healy v. Ratta*, 292 U.S. 263, 270 (1934). ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

The Court must challenge its own jurisdiction, then, under the Magnuson-Moss Warranty Act by looking to the nature of the complaint. Ms. Kuns' complaint does not contemplate her own damages exceeding $50,000 for the replacement of a single window, however, she does purport to bring this action on behalf of both herself and a class of consumers who purchased similar vehicles. Ms. Kuns estimates this class could exceed 10,000 members but she is the only named plaintiff.

The Court can find no instance of another court conflating potential class members with named plaintiffs. The consensus seems to be the opposite; the action must contain 100 named plaintiffs, each of whom has a valid claim against a warranty provider. *E.g. Walsh v. Ford Motor Co.*, 588 F. Supp. 1513 (D.D.C. 1984) (examining the potential claims of each named plaintiff and

allowing the suit to continue after a reduction in plaintiffs because 106 named plaintiffs remained); *see also Cherokee Exp., Inc. v. Cherokee Exp., Inc.*, 924 F.2d 603, 610 (6th Cir. 1991) (distinguishing *Walsh*, but confirming its holding in dicta: "*Walsh* is distinguishable from the present case and its reasoning is inapplicable. The quoted provisions of Magnuson-Moss were clearly intended to limit the jurisdiction of district courts."); *Carlson v. Gen. Motors Corp.*, 883 F.2d 287 (4th Cir. 1989) (considering whether the district court's dismissal of 130 of 183 named plaintiffs in a Magnuson-Moss Warranty Act action was proper, and, because the Court of Appeals reversed the district court on some of the dismissals, it considered the plaintiffs' motion to modify the complaint and add more named plaintiffs to be moot: "At that point, there will again be more than 100 named plaintiffs with live claims to pursue, thereby satisfying the statutory precondition to class certification without any need-at least for that reason-to add more plaintiffs by amendment." *Id.* at 298); *Barr v. Gen. Motors Corp.*, 80 F.R.D. 136, 138-39 (S.D. Ohio 1978) "To construe the phrase 'named plaintiffs' as simply referring to the potential size of the class would require an unusual interpretation of the plain language of the statute; the Court would also have to discount the legislative history which repeatedly refers to "named plaintiffs" and "potential class member(s)" in such a way as to indicate that the two are distinct groups."); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 246 (2d Cir. 1986) (finding that the action must have 100 named plaintiffs with claims sufficient to go to trial at all times, so if some plaintiffs are dismissed, others must be substituted to avoid class decertification).

While Ms. Kuns' proposed putative class is large, she is the only named plaintiff. This, then, does not satisfy the subject matter jurisdiction requirements of the Magnuson-Moss Warranty Act.

Ms. Kuns also contends the court has jurisdiction pursuant to the Class Action Fairness Act. For a federal district court to have original jurisdiction over a class action, at least one member of a class of plaintiffs must be diverse from one defendant and the amount in controversy must exceed $5,000,000. 28 U.S.C. § 1332(d)(2). The plaintiff is the master of his complaint, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007), and, while Ms. Kuns' complaint alleges diversity, it leaves unanswered the value of the amount in controversy. "It is generally agreed in this circuit that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Id.* (quotation omitted).

The complaint claims that, "Upon information and belief, and pending discovery, the Class consists of more than ten thousand members consisting of individuals and entities that purchased, leased, or acquired a Vehicle." Compl. at ¶ 20. The complaint's only reference to a dollar amount is an allegation that Ms. Kuns lost $250 by paying the insurance deductible when getting her window replaced. Compl. at ¶ 11. Otherwise, Ms. Kuns seeks injunctive or declaratory relief for the remaining putative class members, compelling Ford to either repair or compensate each member. Compl. at ¶ 22(j). While injunctive or declaratory relief may form the basis of an amount in controversy by using the value of the enjoined action or the cost of complying with the injunction, Ms. Kuns' complaint provides the Court with no basis for approximating this. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *accord Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010). "Additionally, we have observed that the costs of

complying with an injunction may establish the amount-in-controversy." *Cleveland Hous. Renewal Project*, 621 F.3d at 560 (6th Cir. 2010) (quotation omitted). In either case, Ms. Kuns' complaint does not detail how much each potential class member has lost (except to note that she expended $250), what the value of the object in question is, what Ford's cost in complying with an injunction would be, or any other easily discernible basis for determining the amount in controversy. As such, Ms. Kuns' complaint lacks sufficient basis for the court to determine whether it has subject matter jurisdiction under CAFA.

Neither of the bases for this Court's subject matter jurisdiction claimed in the complaint are pleaded with sufficiency to allow the Court to determine if it has subject matter jurisdiction over this controversy. As such, the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). However, rather than dismissing the matter outright, the Court will grant the parties opportunity to brief the questions of law discussed supra. Either party may file a brief regarding subject matter jurisdiction on or before January 10, 2013. If either party files a brief, the other party shall have until January 21, 2013 in which to file a response.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE